IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARC EDWARD MORRISON,

        Petitioner,

v.

CHRISTINE HILLIARD, et al.,

        Respondents.

Case No. 3:18-cv-01896-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

Petitioner, formerly a federal prisoner within the custody of the Bureau of Prisons ("BOP"), brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging two administrative sanctions that extended his release date by 74 days. On March 14, 2019, the Government filed a Motion to Dismiss the Petition as moot on the basis that the BOP released Petitioner from custody on February 1, 2019. Petitioner counters that the case is not moot, moves for a stay to allow him to exhaust his

1 - ORDER TO DISMISS

ongoing administrative remedies, and represents that he will brief the merits of his claims after the stay is lifted.[1]

## BACKGROUND

On March 18, 2018, the BOP placed Petitioner at the Northwest Regional Reentry Center ("NWRRC"). While housed at that location, Petitioner obtained private health insurance and, ultimately, a prescription for Suboxone. Pre-release inmates housed in residential reentry centers are not permitted to take Suboxone, and Petitioner ultimately failed two successive urinalysis tests. As a result, staff informed Petitioner of these adverse results, issued two incident reports, and removed him from the NWRRC on October 10, 2018.

On October 24, 2018, Petitioner attempted to initiate administrative review proceedings with the assistance of counsel as to the first of his incident reports, but the BOP rejected Petitioner's administrative BP-9 review request on the basis that detainees must submit such forms themselves. Accordingly, on November 2, 2018, Petitioner cured this deficiency and filed

---

[1] Alternatively, Petitioner offers to brief the merits of his claims within two weeks if the Court denies the Motion to Stay. Because the Court resolves the matter on exhaustion grounds, and as Petitioner has already addressed that issue, it is not necessary to allow time for additional briefing on the merits of Petitioner's claims.

2 - ORDER TO DISMISS

his BP-9 requests for administrative review as to both incidents.

While Petitioner's BP-9s were pending, the BOP released Petitioner from custody on February 1, 2019. On approximately March 4, 2019, the BOP informed him that it had rejected both of his BP-9 requests for administrative relief. Petitioner had 30 days in which to file his BP-10s. At the time he filed his Motion to Stay in this case on March 19, 2019, he had not yet filed his BP-10s.

Petitioner brings this federal habeas corpus case pursuant to 28 U.S.C. § 2241 wherein he argues that the administrative sanctions were improper, thus the BOP held him in custody 74 days longer than it should have. He claims that this additional time in custody had the corresponding effect of initiating his supervised release 74 days after it should have commenced.

## **DISCUSSION**

The Government moves to dismiss this case for mootness based upon Petitioner's February 1 release. While the BOP released Petitioner from custody more than two months ago, his period of supervised release continues. If Petitioner is correct that he was improperly sanctioned and held 74 days beyond his lawful term of imprisonment such that his term of supervised

3 - ORDER TO DISMISS

release should be reduced by 74 days, this case would not be moot. *See Mujahid v. Daniels,* 413 F.3d 991 (9th Cir. 2005); *Gunderson v. Hood,* 268 F.3d 1149, 1153 (9th Cir. 2001); *United States v. Verdin,* 243 F.3d 1174, 1178 (9th Cir. 2001). Accordingly, the Court declines to dismiss the Petition for mootness.

More problematic for Petitioner, however, is his lack of administrative exhaustion. "In order to seek habeas relief under section 2241 . . . a petitioner must **first,** 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam) (bold added). Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id.* Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id; United Farm Workers v. Arizona Agric. Employ. Relations Bd.,* 669 F.2d 1249, 1253 (9th Cir. 1982).

4 - ORDER TO DISMISS

"Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official B.O.P. policy and further appeal would almost certainly have been denied based upon the same policy). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004).

The BOP maintains an administrative review process for prisoners that begins with an informal grievance, or BP-8. If an inmate does not achieve satisfactory results from that informal process, he may file a formal complaint with the warden using a BP-9 form. If the BP-9 is unsuccessful, the prisoner can file a Regional Administrative Remedy Appeal (BP-10). Finally, if the BP-10 does not afford Petitioner relief he finds to be satisfactory, he can file a Central Office Administrative Remedy

5 - ORDER TO DISMISS

Appeal (BP-11). If the BOP denies relief on the BP-11, the inmate has exhausted his administrative remedies and may file for judicial relief.

In this case, Petitioner filed for habeas corpus relief seeking expedited consideration on October 30, 2018. This was three days <u>before</u> he filed his conforming BP-9 applications with the BOP. Even at the time he filed his pending Motion to Stay on March 19, 2019, he had not yet filed his BP-10. Petitioner acknowledges that he did not complete his administrative remedies prior to filing this case, but asks the Court to stay this action pending the resolution of all levels of his administrative appeals.

While district courts are permitted to stay a habeas petition containing unexhausted claims, such a procedure is only appropriate where a petitioner has "good cause" for his failure to satisfy the exhaustion process. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner argues that he has good cause to warrant a stay because he is trying to exhaust his claims during the pendency of this case, but the delay built into the BOP process has prevented him from accomplishing this task to date.

The proper time to determine whether a petitioner has exhausted his state court remedies is at the time he files his

6 - ORDER TO DISMISS

federal habeas corpus petition. *Singh*, 649 F.3d at 900; *see also Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). Petitioner could not have experienced any administrative delay where he filed this habeas action prior to even filing a proper, formal, first-level request for administrative review (BP-9) with respect to either of his incident reports. In this respect, he cannot blame his lack of exhaustion on any administrative delay by the BOP.

Even if Petitioner had not filed his case until the date on which he filed his Motion to Stay, not only would he still be in the midst of his administrative appeals, but nothing in the record suggests that he has been the victim of unusual delay. While Petitioner may prefer that the administrative appeal process advance more promptly (especially given the relative brevity of his remaining sentence at the time he filed this action), the fact that the administrative review process takes time is not a valid ground upon which to excuse Petitioner from exhausting his available remedies prior to filing this case. Indeed, the important principles underpinning the exhaustion requirement remain present even if Petitioner never proceeds to judicial review: the process allows for the possibility that relief may be granted at the administrative level, and it allows

7 - ORDER TO DISMISS

the administrative agency an opportunity to correct its errors. *Ruviwat*, 701 F.2d at 845. For all of these reasons, Petitioner lacks good cause to warrant a stay.

Petitioner's Motion to Stay is denied for lack of good cause. Petitioner's alternate request for additional time to brief the merits of his claims is also denied where his Petition is subject to dismissal on the basis that it is premature and not ripe for merits consideration.

## CONCLUSION

Respondent's Motion to Dismiss (#20) the Petition as moot is denied. Petitioner's Motion for Stay (#21) is denied where the Motion is not supported by a showing of good cause. The Petition for Writ of Habeas Corpus (#1) is dismissed, without prejudice, for lack of exhaustion.

IT IS SO ORDERED.

DATED this ⏽⏽ day of April, 2019.

_Marco Hernandez_
Marco A. Hernández
United States District Judge

8 - ORDER TO DISMISS